**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMI AYALA,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COLLEGE OF SOUTHERN NEVADA,<br><br>　　　　　　　　　Defendant. | Case No. 2:11-cv-01147-KJD-PAL<br><br>**ORDER**<br><br>(Mtn to Vacate DPSO - Dkt. #13) |

　　　　This matter is before the court on Defendant College of Southern Nevada's Motion to Vacate Scheduling Order (Dkt. #13). No response to the Motion was filed, and the time for filing one has now run. The court has considered the Motion.

　　　　Plaintiff filed her Complaint (Dkt. #1) on July 12, 2012 against Defendant College of Southern Nevada. Defendant filed a Motion to Dismiss (Dkt. #7) on March 2, 2012, which is currently pending before the district judge. The Motion to Dismiss asserts Plaintiff did not name the proper party in her Complaint because "College of Southern Nevada" is not a recognized legal entity under the Nevada Constitution or NRS 396.020. Additionally, Plaintiff has not properly served Defendant as a political subdivision under Rule 4(j) of the Federal Rules of Civil Procedure, and the time for service under Rule 4(m) has now run. Plaintiff was served with the court's standard order regarding the requirements of *Klingele v Eikenberry* and *Rand v Rowland* for responding to a motion to dismiss, but has not filed a response.

　　　　The Motion requests that the court vacate the Discovery Plan and Scheduling Order (Dkt. #11) entered April 27, 2012. Relying on *SEC v. Ross,* Defendant contends the court does not have jurisdiction over it because it was not properly served with the Complaint. 504 F.3d 1130, 1138-40 (9th Cir. 2007).

A pending motion to dismiss does not ordinarily warrant a stay of discovery. *Turner Broadcasting System, Inc. v. Trascinda Corp.,* 175 FRD 554, 556 (D. Nev 1997). However, common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raising issues of jurisdiction, venue, or immunity are pending. *Id.* (citing *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 625, 653 (D. Nev. 1989)). Here, Defendant's Motion to Dismiss raises issues of personal jurisdiction. Additionally, Local Rule 7-2(e) provides, in pertinent part, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Plaintiff has failed to oppose Defendant's motion to dismiss and request to vacate the Discovery Plan and Scheduling Order.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Vacate the Scheduling Order (Dkt.#13) is GRANTED.
2. In the event the Motion to Dismiss (Dkt. #7) is denied, the parties shall meet and confer and file a proposed discovery plan and scheduling order no later than fourteen days after the district judge's decision.

Dated this 11th day of June, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE